**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD MATULEWSKI, et al., | : |
| Plaintiffs, | : Civil Action No. 18-3370 (ES) (SCM) |
| v. | : OPINION |
| MIKE POMPEO, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is defendant Secretary of State Mike Pompeo et al.'s ("Defendants'") motion to dismiss. (D.E. No. 26). The Court has considered the submissions of the parties[1] and decides the motion without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court **GRANTS** the motion.

**I.   Background**

The plaintiffs are six individuals who are United States citizens and who bring a putative class action complaint on behalf of themselves, their non-citizen family relatives, and "all others who are similarly situated." (Am. Compl. ¶¶ 1–6 & 40). In essence, the Amended Complaint "challenges Defendants' rule . . . on unlawful presence departure" under "the Due Process Clause of the Fifth Amendment to the United States Constitution and the Administrative Procedure Act ('APA'), 5 U.S.C. § 706." (*Id.* at 2). More specifically, "Plaintiffs challenge the rule set forth in

---
[1]   (*See, e.g.*, D.E. No. 12 ("Am. Compl."); D.E. No. 26-1 ("Def. Mov. Br."); D.E. No. 30 ("Pl. Opp. Br."); D.E. No. 31 ("Def. Reply")).

[9 FAM 302.11-2 ("the rule")],"[2] which, they claim, "misconstru[es] and appl[ies] . . . INA § 212(a)(9)(B)(i)(II),[3] to any and all departures made by aliens unlawfully in the United States." (*Id.* ¶ 14). Hence the rule, Plaintiffs conclude, "incorrectly fails to exempt departures pursuant to removal proceeding orders;" "violates the statute[']s clear meaning;" and is ultra vires. (*See id.* ¶ 15–16 & 37). Plaintiffs assert that the rule itself is a "final agency action" and thus "is reviewable." (*See id.* ¶ 14).

With respect to purported injuries, Plaintiffs apparently allege that the consequences of their own anticipated litigation strategies would be "unnecessary" or "expensive." (*See, e.g.*, *id.* ¶ 25). Plaintiffs also claim that Defendants' anticipated enforcement of the rule would "deprive[] them of an 'opportunity' for an 'immediate relative' permanent residence benefit or relief" or "will cause them to be . . . separated from their families for ten years." (*Id.* ¶¶ 26 & 28).[4]

Defendants, in response, submit that the Amended Complaint should be dismissed for lack of subject-matter jurisdiction. (*See, e.g.*, Def. Mov. Br. at 12). Among other arguments, Defendants contend that the rule itself is not a "final agency action" and "because there is no final

---

[2] Although Plaintiffs initially identified the relevant rule as "9 FAM 40.92 N2.2," Defendants clarified that "9 FAM 40.92 N2.2 is no longer a relevant FAM citation" and that "[t]he current analogous FAM [citation] is 9 FAM 302.11-2." (Mov. Br. at 5 n.3; *see* Pl. Opp. Br. at 2 n.1 (recognizing this change)); *see also* 9 FAM 302.11-2.
    9 FAM 302.11-2 is written in the Foreign Affairs Manual. "The Foreign Affairs Manual (FAM) and associated Handbooks (FAHs) are a single, comprehensive, and authoritative source for the [State] Department's organization structures, policies, and procedures that govern the operations of the State Department, the Foreign Service and, when applicable, other federal agencies. The FAM (generally policy) and the FAHs (generally procedures) together convey codified information to Department staff and contractors so they can carry out their responsibilities in accordance with statutory, executive and Department mandates.*" Foreign Affairs Manual and Handbook*, U.S. DEPARTMENT OF STATE, https://fam.state.gov/.

[3] Section 212(a)(9)(B)(i)(II) of the Immigration and Nationality Act provides: "Any alien (other than an alien lawfully admitted for permanent residence) who . . . has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States . . . is inadmissible." 8 U.S.C. § 1182(a)(9)(B)(i)(II).

[4] As discussed below, Plaintiffs do not allege that Defendants have ever applied—or even had the occasion to apply—the rule to Plaintiffs. (*See, e.g.*, Am. Compl. ¶ 25; Pl. Opp. Br. at 13).

agency decision by a consular officer on Plaintiffs' hypothetical visa application[s], the Court lacks subject matter jurisdiction under the APA." (*Id.* at 13). The Court agrees.

## II. Analysis

The APA provides that "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702; *see also* 28 U.S.C. 1331.[5] But, as relevant here, only "*final agency action* . . . [is] subject to judicial review." *See* 5 U.S.C. § 704 (emphasis added). In other words, "[t]o support APA jurisdiction, the [relevant] agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). Here, however, Plaintiffs have not identified any final agency action.

"[T]wo conditions must be satisfied for agency action to be 'final:' First, the action must mark the 'consummation' of the agency's decisionmaking process . . . . And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). The Amended

---

[5] Plaintiffs also assert a constitutional basis for the Amended Complaint. (*See, e.g.*, Am. Compl. at 2 (invoking the Fifth Amendment)). But the Amended Complaint fails to allege—or even purport to allege—any facts that would support a constitutional claim. (*See generally* Am. Compl.; *see also* Pl. Opp. Br. (omitting any mention of the Fifth Amendment)). Accordingly, the Court rules that Plaintiffs have "failed to raise a claim arising under the U.S. Constitution or other federal law as required for § 1331 jurisdiction" because they have "merely assert[ed] legal conclusions, unsupported by facts, that [their] due process rights were violated." *See, e.g.*, *Kalick v. United States*, 35 F. Supp. 3d 639, 646 (D.N.J. 2014).

Similarly, none of the remaining asserted bases for jurisdiction confer it. (*See* Am. Compl. ¶ 8 (citing 28 U.S.C. §§ 1361 & 2201)). "Federal courts are presumed not to have jurisdiction without affirmative evidence of this fact." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 n. 3 (2006)). Here, there no evidence in support of jurisdiction under the statutes Plaintiffs cite. (*See* Am. Compl. ¶ 8; *compare, e.g.*, 28 U.S.C. § 1361 (conferring "original jurisdiction of any action in the nature of mandamus"), *with* Pl. Opp. Br. at 16 n.1 ("Plaintiffs herein do not seek mandamus relief.")). And the Declaratory Judgment Act, 28 U.S.C. § 2201, "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies *otherwise properly within the court's subject matter jurisdiction*." *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (emphasis added).

Complaint fails to identify any "decisionmaking process" that Defendants have even *begun*. *See id.*; *Pinho*, 432 F.3d at 200 ("Finality requires *exhaustion* of administrative remedies." (emphasis added)). The Amended Complaint does not allege that Defendants have even *considered* whether to apply the rule to Plaintiffs—let alone that Defendants have *determined* "the rights or obligations" of Plaintiffs under the rule. *See id.*; (*see, e.g.*, Am. Compl. ¶ 25 (predicting what "*will be*" the case "because of these State Department rules" (emphasis added)); Pl. Opp. Br. at 13 (conceding that Plaintiffs do "not seek review of any consular decision")).[6] In *Naik v. Renaud*, for instance, the court ruled that rights and obligations concerning a plaintiff's I–130 petition "ha[d] not been determined" because the government defendants *could still have granted or denied* the plaintiff's petition. 947 F. Supp. 2d 464, 471 (D.N.J. 2013). For several reasons, the same is true here. *See, e.g.*, 8 U.S.C. § 1182(a)(9)(B)(v) (recognizing the Attorney General's "discretion to waive" the application of 8 U.S.C. § 1182(a)(9)(B)(i)).

Furthermore, the proposition that *the rule itself* is a "final agency action" (*see* Am. Compl. ¶ 14) is legally unfounded.[7] Other than to conflate "final agency action" with "ripeness" (*see, e.g.*, Pl. Opp. Br. at 3–4), Plaintiffs make no legal argument in support of that proposition; and significant legal authority undermines it. For instance, "agency manuals . . . lack the force of law," *Wos v. E.M.A. ex rel. Johnson*, 568 U.S. 627, 643 (2013), and "whether the [rule] has the status of law" is a principal factor in determining whether an agency action is final, *see Ocean Cty. Landfill Corp. v. U.S. E.P.A., Region II*, 631 F.3d 652, 655 (3d Cir. 2011). The Court cannot

---

[6] To the extent that Plaintiffs do not seek review of an administrative decision, Plaintiffs' claims could also not be ripe. *See, e.g.*, *Naik v. Renaud*, 947 F. Supp. 2d 464, 472 (D.N.J. 2013) (Under the ripeness doctrine, judicial review "is premature when an agency has yet to complete its work by arriving at a definite decision."). But the Court need not address ripeness, or other issues of justiciability, because the Court "has leeway to choose among threshold grounds for denying audience to a case on the merits." *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks omitted).

[7] Plaintiffs also assert that the rule is "clearly binding and legislative" but do not cite any legal authority in support of that proposition. (*See* Pl. Opp. Br. at 6).

discern how *any* factor used to determine whether an agency action is final would support Plaintiff's conclusion that the rule itself is a final agency action. *See, e.g.*, *id.* (identifying, *e.g.*, "whether immediate judicial review would speed enforcement" as another principal factor).

### III. Conclusion

Accordingly, the Court lacks subject-matter jurisdiction and must dismiss the Amended Complaint.[8]

An appropriate order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[8] The Court "fully understand[s] the procedural difficulties" that could possibly befall Plaintiffs under 8 U.S.C. § 1182(a)(9)(B)(i)(II), but as in *Porwisz v. Attorney General of the United States*, the conditions necessary "in order for this court to exercise jurisdiction" are simply not present here. *See* 625 F. App'x 49, 53 n.4 (3d Cir. 2015).